IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

A) 1985 Mazda RX-7, Vin: JM1FB3325F0896341
(Asset Value $10,945.00)

**Claimant,**

Vs.

**UNITED STATES OF AMERICA,**

**Respondent,**

CIVIL NO.: 22-mc-409(FAB)

RECEIPT # 78000784214
AMOUNT: $49.00
JUL 0 8 2022
CASHIER'S SIGNATURE

RECEIVED CASHIER
CLERK'S OFFICE USDC PR
2022 JUL 8 AM11:04

## MOTION FOR RETURN OF PROPERTY

**TO THE HONORABLE COURT:**

**HEREIN,** appears Tito Ferdinand Padilla Acosta and A- One 1985 Mazda RX-7, Vin #: JM1FB3325F0896341, VALUED at $10,945.00 and together, through and by the undersigned counsel move this Honorable Court for the return of property described above.

### PROCEDURAL AND FACTUAL BACKGROUND

On March 1, 2022, the above mentioned 1985 Mazda RX-7 was seized by DEA when they executed an arrest warrant against Ferdinand Padilla-Troche in Cr. 22-064 (ADC) at Padilla-Troche's residence where the vehicle was located. The vehicle belongs to claimant Padilla-Acosta who lives in Pennsylvania, but travels to P.R. and uses the same when he is here. Padilla-Acosta leaves the vehicle for storage at Padilla-Troche's residence. Attached as Exh-1 is his Verified Claim of Ownership made under penalty of perjury and as Exh-2 the license of the vehicle where he appears as its owner.

Padilla-Acosta consulted with an attorney about the seizure and was advised to wait for the Notice of Seizure of Property and initiation of Administrative Forfeiture Proceedings letter in order to file the appropriate claim. To this date no Administrative Notice of Seizure has been received by

Padilla-Acosta. Almost 4 months have passed since the seizure of his vehicle without him being notified of the same.

## LEGAL ARGUMENT

1. THE NOTICE COMPLIANCE.

Under the Civil Asset Forfeiture Reform Act ("CAFRA"), in any non-judicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, *such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.* 18 U.S.C. § 983(a)(1)(A). Courts have observed that this provision generally requires notice to be given within sixty (60) days of any seizure by the Government. See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1141 (9th Cir.2008) ("Under CAFRA, the government has sixty days after seizing property to send written notice to interested parties."); United States v. $10,000.00 in U.S. Currency, 2007 WL 2330318, at *1 (S.D.Cal. Aug. 13, 2007) (granting summary judgment and return of property due to Government's failure to provide timely notice after seizure); United States v. $200,255.00 in U.S. Currency, 2006 WL 1687774 (M.D.Ga. June 16, 2006) ("First, under the statute, the seizing authority has either 60 or 90 days within which to provide notice; in the absence of timely notice, the seizing agency must return the seized property."); United States v. Miscellaneous Firearms, Explosives, Destructive Devices, Ammunition, 399 F.Supp.2d 881, 882 (C.D.Ill.2005) ("Pursuant to CAFRA, the Government must commence either a non-judicial forfeiture (administrative) or a judicial forfeiture within 60 days after the seizure of the property.").

To this date the Government has failed to comply with CAFRA'S NOTICE REQUIREMENTS. As a result, the property must be returned to Padilla-Acosta.

Furthermore, The Civil Asset Forfeiture Reform Act also states that "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a

2

claim with the appropriate official after seizure." 18 U.S.C. § 983(a)(2)(A). CAFRA further provides that, "[n]ot later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture...." 18 U.S.C. § 983(a)(3)(A). And, if the Government fails to file a complaint for forfeiture within 90 days after the filing of a claim, "the Government shall promptly release the property ... and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B). The time limit imposed by 18 U.S.C. § 983(a)(3) is mandatory. *United States v. Wilson*, 699 F.3d 789, 791 (4th Cir. 2012); *see also* United States v. One Harley Davidson Street Glide Motorcycle, 982 F.Supp.2d 634, 638 (D. Md. 2013) (dismissing the government's forfeiture complaint where the government filed one day late). The requirement that the Government release the seized property if it fails to comply with the mandates of 18 U.S.C. § 983(a)(3)(B) is the "sanction" that CAFRA imposes for such failure. *Id.* In line with these mandates, district courts have construed CAFRA's 90-day deadline strictly. *Id.*; *see* United States v. $80,891.25 in U.S. Currency, No. 4:11-cv-183, 2011 WL 6400420, at *2 (S.D. Ga. Dec. 19, 2011) (*citing United States $38,000.00*, 816 F.2d 1538, 1547 (11th Cir. 1987)) (dismissing the government's complaint where the government filed its forfeiture complaint on the 92nd day). The strict compliance by district courts comports with the traditional rule that the law disfavors forfeitures; that courts strictly construe rules governing forfeitures; and that "strict compliance with the letter of the law by those seeking forfeiture must be required." *See, e.g.*, United States v. Borromeo, 945 F.2d 750, 752-53 (4th Cir. 1991).

**WHEREFORE**, based on the aforementioned reasons, the Claimant is respectfully asking this Court, to order the Government to release Claimant's Property forthwith, and/or grant Claimant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties involved.

In San Juan, Puerto Rico, this 8th day of July, 2022.

*[signature]*

**RAFAEL F. CASTRO LANG**
USDC-PR#128505
Attorney for Defendant
P O Box 9023222
San Juan PR 00902-3222
Tel (787) 723-3672 / (787) 723-1809
Fax (787) 725-4133
Email:rafacastrolang@gmail.com;
rafacastrolanglaw@gmail.com

4